FILED
DECEMBER 19, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND; and HOWARD McDOUGALL, Trustee,<br><br>      Plaintiffs,<br><br>  v.<br><br>BUCK DEAN EXCAVATING, LLC, an Illinois limited liability corporation,<br><br>      Defendant. | 07 C 7137<br><br>JUDGE KENDALL<br>MAGISTRATE JUDGE KEYS |

## COMPLAINT

**NOW COME** Plaintiffs Central States, Southeast and Southwest Areas Pension Fund, Central States, Southeast and Southwest Areas Health and Welfare Fund, and Howard McDougall, Trustee, and complaining against Defendant Buck Dean Excavating, LLC, an Illinois limited liability corporation, allege as follows:

### JURISDICTION AND VENUE

1. This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq. and is a suit to recover employer contributions owed to the Trustees of the Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") and the Central States, Southeast and Southwest Areas Health and Welfare Fund ("Health and Welfare Fund") by Defendant.

2. This Court has jurisdiction over this action pursuant to §§502(e)(1) and 502(f) of ERISA, 29 U.S.C. §§1132(e)(1) and 1132(f).

3.      Venue properly lies in this Court pursuant to the venue selection clause of the Pension Fund Trust Agreement and the Health and Welfare Fund Trust Agreement ("Trust Agreements"), which designate this forum as the location for suits to collect delinquent fringe benefit contributions, and §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), because the Pension Fund and the Health and Welfare Fund are administered in, and maintain their principal place of business in, Rosemont, Cook County, Illinois.

## PARTIES AND RELATIONSHIP

4.      The Pension Fund is an employee benefit plan and trust, with its administrative office and its principal and exclusive offices at 9377 West Higgins Road in Rosemont, Cook County, Illinois.

5.      The Pension Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers.

6.      All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries of the Pension Fund and paying the administrative expenses of the Pension Fund.

7.      The Health and Welfare Fund is an employee benefit plan and trust, with its administrative office and its principal and exclusive offices at 9377 West Higgins Road in Rosemont, Cook County, Illinois.

8.      The Health and Welfare Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining

agreements with local unions affiliated with the IBT on behalf of employees of those same employers.

9.　　All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing health and welfare benefits to participants and beneficiaries of the Health and Welfare Fund and paying the administrative expenses of the Health and Welfare Fund.

10.　　Plaintiff Howard McDougall is a Trustee and a "fiduciary" of the Pension Fund and the Health and Welfare Fund as that term is defined in ERISA and brings this action in his capacity as a Trustee and fiduciary.

11.　　Defendant Buck Dean Excavating, LLC, an Illinois limited liability corporation, is an "employer" and a "party-in-interest" as those terms are defined by, respectively, 29 U.S.C. §§1002(5) and 1002(14)(C).

12.　　Local Union No. 26 ("Local 26") of the IBT is an affiliate of the Illinois Conference of Teamsters and is a labor organization which at all times since at least May 1, 2006 has represented, for the purposes of collective bargaining, certain employees of Defendant, and employees of other employers in industries affecting interstate commerce.

**CERTAIN RELEVANT BACKGROUND EVENTS**

13.　　Defendant entered into a collective bargaining agreement (the Articles of Construction Agreement) with the Illinois Conference of Teamsters, and an Addendum to the Articles of Construction Agreement with Local 26, both covering the period of May 1, 2006 through April 30, 2010, pursuant to which Defendant agreed to pay contributions to the Pension Fund and the Health and Welfare Fund on behalf of covered employees.

14. On June 28, 2007, Defendant entered into a Participation Agreement with Local 26 that requires Defendant to pay contributions to the Pension Fund and the Health and Welfare Fund.

15. Defendant also agreed to be bound by the Trust Agreements, which require Defendant to "make continuing and prompt payments to the [Pension and Health and Welfare Funds] as required by the applicable collective bargaining agreement."

16. The Pension Fund and the Health and Welfare Fund rely upon participating employers to self-report the work history of eligible employees in order to prepare a monthly bill and determine benefit eligibility.

17. The self-reporting system requires participating employers like Defendant to identify those employees for whom contributions are owed and requires the employers to identify the weeks and/or days worked by the eligible employees.

18. During the period of October, 2006 through November, 2007, Defendant reported the work history of its employees to the Pension Fund and to the Health and Welfare Fund.

19. The Trust Agreements provide, in part, that:

> Non-payment by an Employer of any moneys due shall not relieve any other Employer from his obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on any contributions[, or withdrawal liability][1] or other moneys due to the Trustees from the date when the payment was due to the date when the payment is made together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as permitted by law. The interest payable by an Employer, in accordance with the preceding sentence, shall be computed and charged to the Employer at an annualized interest rate

---

[1] The bracketed words "or withdrawal liability" appear only in the Pension Fund Trust Agreement.

equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged.  Any judgment against an employer for contributions [or withdrawal liability] owed to this Fund shall include the greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid contributions [or withdrawal liability].  The interest rate after entry of a judgment against an Employer for contributions [or withdrawal liability] shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged and shall be compounded annually.

## STATUTORY AUTHORITY

20. ERISA §515, 29 U.S.C. §1145, provides that:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

21. ERISA §502(g)(2), 29 U.S.C. §1132(g)(2), provides that:

(2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of --

(i) interest on the unpaid contributions, or

(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

  (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

  (E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

## STATUTORY AND CONTRACTUAL VIOLATIONS

22. Defendant breached the provisions of ERISA, the collective bargaining agreement, the Participation Agreement, and the Pension Fund and the Health and Welfare Fund Trust Agreements by failing to pay all of the contributions (and interest due thereon) that the employee work history it reported to the Pension Fund and the Health and Welfare Fund revealed to be owed for the period of October, 2006 through November, 2007.

23. Despite demands that Defendant perform its statutory and contractual obligations with respect to making contributions to the Pension Fund and the Health and Welfare Fund, Defendant has neglected and refused to pay the amounts that are due as a consequence of the conduct set forth in paragraph 22.

24. Defendant owes to the Pension Fund in excess of $4,729.33 for unpaid contributions and interest through December 15, 2007 as a result of the conduct set forth in paragraph 22.

25. Defendant owes to the Health and Welfare Fund in excess of $10,652.25 for unpaid contributions and interest through December 15, 2007 as a result of the conduct set forth in paragraph 22.

**WHEREFORE**, Plaintiffs Central States, Southeast and Southwest Areas Pension Fund, Central States, Southeast and Southwest Areas Health and Welfare Fund, and

Howard McDougall, Trustee, request the following relief against Defendant Buck Dean Excavating, LLC, an Illinois limited liability corporation:

(a) A judgment against Defendant in favor of the Pension Fund and the Health and Welfare Fund for all contributions that are owed as of the date of the judgment based upon employee work history reported by Defendant, plus the greater of double interest or single interest plus liquidated damages and all attorneys' fees and costs and audit fees and costs incurred by Plaintiffs in connection with this action;

(b) Post-judgment interest at an annualized interest rate equal to two percent plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth day of the month for which interest is charged;

(c) That this Court retain jurisdiction of the cause pending compliance with its orders; and

(d) Such further or different relief as the Court may deem proper and just.

Respectfully submitted,

*Edward H. Bogle*

Edward H. Bogle    (ARDC No. 6277152)
Attorney for Plaintiffs
Central States, Southeast & Southwest
Areas Health & Welfare & Pension Funds
9377 W. Higgins Road
Rosemont, Illinois 60018-4938
(847) 518-9800, Ext. 3469
ebogle@centralstatesfunds.org

December 19, 2007