**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND | ) | |
| SOUTHWEST AREAS PENSION FUND; | ) | |
| CENTRAL STATES, SOUTHEAST AND | ) | |
| SOUTHWEST AREAS HEALTH AND | ) | |
| WELFARE FUND; and | ) | |
| HOWARD McDOUGALL, Trustee, | ) | Case No. 07 C 7137 |
| | ) | |
| Plaintiffs, | ) | District Judge Kendall |
| | ) | |
| v. | ) | Magistrate Judge Keys |
| | ) | |
| BUCK DEAN EXCAVATING, LLC, | ) | |
| an Illinois limited liability corporation, | ) | |
| | ) | |
| Defendant. | ) | |

<u>**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**</u>

**NOW COME** Plaintiffs Central States, Southeast and Southwest Areas Pension

Fund ("Pension Fund"), Central States, Southeast and Southwest Areas Health and

Welfare Fund ("Health and Welfare Fund") (collectively, "Funds"), and Howard McDougall,

Trustee, by their attorneys, and move pursuant to Fed. R. Civ. P. 55 for entry of a default

judgment against Defendant Buck Dean Excavating, LLC, an Illinois limited liability

corporation ("Buck Dean").  In support, Plaintiffs submit the Affidavit of Jo Evelyn George

Roberson (attached hereto as Exhibit B), the Affidavit of Edward H. Bogle (attached hereto

as Exhibit C), and state as follows:

**A.     Defendant's Default.**

1.      On December 19, 2007, Plaintiffs filed their complaint in this matter to collect

delinquent fringe benefit contributions pursuant to the Employee Retirement Income

Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq*.  Pursuant to Fed. R. Civ. P. 4(h),

Buck Dean was personally served with summons and complaint on January 4, 2008 through Erwin, Martinkus & Cole, its registered agent.  A copy of the return of service is attached hereto as Exhibit A.

2.    Consequently, under Fed. R. Civ. P. 12(a)(1)(A), Buck Dean was required to file an answer or responsive pleading to Plaintiffs' complaint on or before January 24, 2008.  Buck Dean has failed to file any answer or responsive pleading and therefore stands in default under Fed. R. Civ. P. 55(a).

**B.    Factual Background.**

3.    The Funds are primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT").  All principal and income from such contributions and investments thereof are held and used for the exclusive purpose of providing benefits to participants and beneficiaries of Funds, and paying the Funds' administrative expenses.  *See*, Exhibit B, ¶¶6-11.

4.    Buck Dean is an employer bound by the provisions of collective bargaining agreements executed between itself and Local Union No. 26 ("Local 26") of the IBT. Pursuant to the collective bargaining agreements, Buck Dean agreed to pay contributions to the Funds on behalf of certain covered employees.  Buck Dean also entered into a Participation Agreement with Local 26 that requires payment of contributions to the Funds. Finally, Buck Dean agreed to be bound by the Funds' Trust Agreements.  *See*, Exhibit B, ¶¶15-17.

5.    The Funds rely upon participating employers to self-report the work history of eligible employees in order to prepare a monthly bill and determine benefit eligibility.

The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks and/or days worked by the eligible employees. *See*, Exhibit B, ¶¶19-22.

**C.    Plaintiffs' Damages.**

6.    Buck Dean has breached the provisions of ERISA, the collective bargaining agreement, the Participation Agreement, and the Funds' Trust Agreements by failing to pay all of the contributions (and interest due thereon) that the employee work history it reported revealed to be owed to the Pension Fund for the period of October, 2006 through December, 2007, and to the Health and Welfare Fund for the period of October, 2006 through December, 2007. *See*, Exhibit B, ¶¶23-25.

7.    As a result of its conduct, through January 31, 2008, Buck Dean owes the Pension Fund $4,881.70 for unpaid contributions, and $185.14 worth of interest on that amount. As for the Health and Welfare Fund, through January 31, 2008, Buck Dean owes unpaid contributions in the amount of $11,696.35, and interest in the amount of $467.08. *See*, Exhibit B, ¶¶26-27, 29-30.

8.    Pursuant to the provisions of the Funds' Trust Agreements and 29 U.S.C. §1132(g)(2), Buck Dean is required to pay the greater of either doubled interest or single interest plus liquidated damages on all delinquent contributions. The total liquidated damages owed to the Pension Fund–based upon contributions owed by Buck Dean upon filing of this action or which became delinquent while this action has been pending–is therefore $976.34. The total liquidated damages owed to the Health and Welfare Fund is $2,339.27. *See*, Exhibit B, ¶¶31-33.

9.    Pursuant to the provisions of the Trust Agreements and ERISA, Buck Dean is required to pay all attorneys' fees and costs incurred in connection with this case.  The attorneys' fees accrued in this case total $1,545.00 and costs total $389.00.  The total of Plaintiffs' fees and costs is therefore $1,934.00.   *See*, Exhibit C, ¶¶11-13.

10.    Finally, the Trust Agreements provide that interest on a judgment entered in favor of the Funds will accrue at a floating rate equal to the Chase Manhattan Bank prime rate plus 2%, adjusted monthly and compounded annually.  *See*, Exhibit B, ¶35.

**WHEREFORE**, Plaintiffs Central States, Southeast and Southwest Areas Pension Fund, Central States, Southeast and Southwest Areas Health and Welfare Fund, and Howard McDougall, Trustee, request the following relief in their favor and against Defendant Buck Dean Excavating, LLC, an Illinois limited liability corporation:

(a)    A judgment against Defendant in favor of the Funds in the total amount of $22,479.88, expressed as follows:

| | |
|---|---|
| Contributions: | $ 16,578.05 |
| Interest through 1/31/08: | $     652.22 |
| Liquidated damages: | $   3,315.61 |
| Attorneys' fees: | $   1,545.00 |
| Court costs: | $     389.00 |
| TOTAL: | $ 22,479.88 |

(b)    Post-judgment interest at an annualized interest rate equal to 2% plus the prime interest rate established by Chase Manhattan Bank for the 15th day of the month for which interest is charged, adjusted monthly and compounded annually;

(c)    That this Court retain jurisdiction of the cause pending compliance with its judgment order; and

(d)    All other just and appropriate relief.

Respectfully submitted,

*Edward H. Bogle*

Edward H. Bogle  (ARDC No. 6277152)
Attorney for Plaintiffs
Central States Funds Law Department
9377 W. Higgins Road
Rosemont, Illinois 60018-4938
(847) 518-9800, Ext. 3469
ebogle@centralstatesfunds.org

January 25, 2008

## CERTIFICATE OF SERVICE

I, Edward H. Bogle, attorney for Plaintiffs, certify that on January 25, 2008, I caused the foregoing Plaintiffs' Motion for Default Judgment to be filed electronically.  This filing was served on all parties indicated on the electronic filing receipt via the Court's electronic filing system.  For all other parties, who are listed below, I served the foregoing by mailing it to:

> Buck Dean Excavating, LLC
> c/o Erwin Martinkus & Cole, Registered Agent
> 411 West University Avenue
> Champaign, Illinois 61820

Said document was deposited in the United States Mail at 9377 West Higgins Road, Rosemont, Illinois, 60018-4938, with proper prepaid postage affixed thereto, this 25th day of January, 2008.

_____
Edward H. Bogle
Attorney for Plaintiffs

F: 250543 / 07111011