# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, *et al.*, </br></br>Plaintiffs,</br></br>v.</br></br>BUCK DEAN EXCAVATING, LLC,</br></br>Defendant. | Case No. 07 CV 7137</br></br>District Judge Kendall |

### AFFIDAVIT OF JO EVELYN GEORGE ROBERSON

STATE OF ILLINOIS   )
                    ) SS:
COUNTY OF COOK      )

I, Jo Evelyn George-Roberson, having been fully sworn upon my oath, depose and state as follows:

1. I am an adult and am otherwise competent to give evidence.

2. I have personal knowledge with respect to the facts set forth in this Affidavit.

3. If called as a witness in this matter, I would testify consistently with this Affidavit.

4. I am employed by Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") and Central States, Southeast and Southwest Area Health and Welfare Fund ("Health and Welfare Fund") (collectively, the "Funds") as the Department Manager of Collections.

5. On the date this action was filed and to the present date, Plaintiff Howard McDougall was and is one of the Trustees and a fiduciary of the Funds.

6. The Pension Fund is an employee benefit plan and trust, with its

F: 250545 / 07111011

-1-

administrative office and its principal and exclusive offices at 9377 West Higgins Road in Rosemont, Cook County, Illinois.

7. The Pension Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers.

8. All principal and income from such contributions and investments thereof are held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries of the Pension Fund and paying the administrative expenses of the Pension Fund.

9. The Health and Welfare Fund is an employee benefit plan and trust, with its administrative office and its principal and exclusive offices at 9377 West Higgins Road in Rosemont, Cook County, Illinois.

10. The Health and Welfare Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the IBT on behalf of employees of those same employers.

11. All principal and income from such contributions and investments thereof are held and used for the exclusive purpose of providing health and welfare benefits to participants and beneficiaries of the Health and Welfare Fund and paying the administrative expenses of the Health and Welfare Fund.

12. I am responsible for managing the efforts to collect past due contributions owed to the Funds, including past due contributions owed by Defendant Buck Dean

Excavating, LLC, an Illinois limited liability corporation ("Buck Dean").

13. Pursuant to these duties, I have maintained a file related to the contributions owed by Buck Dean as well as my staff's conversations with Buck Dean concerning outstanding contributions.

14. The file is under my dominion and control.

15. The Funds' records indicate that Buck Dean is bound by collective bargaining agreements entered into with Local Union No. 26 ("Local 26") of the IBT, which requires Buck Dean to timely pay contributions to the Funds.

16. Buck Dean also entered into a Participation Agreement with Local 26 that requires Buck Dean to pay contributions to the Funds.

17. Buck Dean agreed to be bound by both the Pension Fund and the Health and Welfare Fund's individual Trust Agreements.

18. The Trust Agreements require Buck Dean to make continuing and prompt payments to the Funds as required by the applicable collective bargaining agreement.

19. The Funds rely upon employers to self-report the work history of eligible employees in order to prepare a monthly bill and determine benefit eligibility.

20. Under this self-reporting system, participating employers initially establish a base group of employees for whom contributions are due.

21. Thereafter, the employer is required to notify the Funds on a monthly basis of any changes in the employment status of individuals covered by the collective bargaining agreement.

22. The Funds rely upon these reports submitted by employers to prepare a monthly contribution bill that is sent to the employers, with contributions for each calendar

month are due 15 days after the end of the month.

23. During the period of October, 2006 through December, 2007, Buck Dean reported the work history of its employees to the Health and Welfare Fund.

24. During the period of October, 2006 through December, 2007, Buck Dean reported the work history of its employees to the Pension Fund.

25. Buck Dean has not paid all of its contributions owed to the Pension Fund and the Health and Welfare Fund for the periods enumerated in paragraphs 23 and 24.

26. Buck Dean owes to the Pension Fund $4,881.70 in unpaid contributions for the period enumerated in paragraph 24.

27. Buck Dean owes to the Health and Welfare Fund $11,696.35 in unpaid contributions for the period enumerated in paragraph 23.

28. Pursuant to the terms of the Trust Agreements, the Funds are entitled to pre-judgment interest on the entire outstanding balance at an annualized interest rate equal to 2% plus the prime interest rate established by Chase Manhattan Bank for the 15th day of the month for which interest is charged and shall be compounded annually.

29. Interest due to the Pension Fund through January 31, 2008 is calculated at $185.14.

30. Interest due to the Health and Welfare Fund through January 31, 2008 is calculated at $467.08.

31. Pursuant to the terms of the Trust Agreements, the Funds are entitled to the greater of doubled interest or liquidated damages in the amount of 20% of the entire outstanding balance.

32. Liquidated damages due to the Pension Fund are calculated at $976.34.

33. Liquidated damages due to the Health and Welfare Fund are calculated at $2,339.27.

34. As a result of Buck Dean's failure to pay all of the contributions that it owes to the Pension Fund and the Health and Welfare Fund for the period set forth in paragraphs 23 and 24, I have calculated Buck Dean's indebtedness to the Funds for past due contributions to be as follows:

| | |
|---|---|
| Contributions: | $ 16,578.05 |
| Interest through 1/31/08: | $ 652.22 |
| Liquidated damages: | $ 3,315.61 |
| TOTAL: | $ 20,545.88 |

35. The Trust Agreements provide that interest on a judgment entered in favor of the Funds will accrue at a floating rate equal to the Chase Manhattan Bank prime rate plus 2%, adjusted monthly and compounded annually.

**FURTHER AFFIANT SAYETH NAUGHT.**

Jo Evelyn George-Roberson

Subscribed and sworn to before me, a Notary Public of the State of Illinois, this 25th day of January, 2008

"OFFICIAL SEAL"
Karla J. Genitoni
Notary Public, State of Illinois
My Commission Exp.

Notary Public