IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND; and HOWARD McDOUGALL, Trustee, | Case No. 07 C 7137 |
| Plaintiffs, | District Judge Kendall |
| v. | Magistrate Judge Keys |
| BUCK DEAN EXCAVATING, LLC, an Illinois limited liability corporation, | |
| Defendant. | |

## JUDGMENT ORDER

**THIS MATTER** coming to be heard on a motion for default judgment filed by Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund"), Central States, Southeast and Southwest Areas Health and Welfare Fund ("Health and Welfare Fund"), and Howard McDougall, Trustee; Defendant Buck Dean Excavating, LLC, an Illinois limited liability corporation ("Buck Dean"), having been duly served with process and notice, and having failed to timely answer, plead or appear; the Court having reviewed Plaintiffs' motion and supporting affidavits, finding them to be adequate, and having been fully advised in the premises;

**IT IS HEREBY ORDERED AND ADJUDGED THAT:**

A. Pursuant to Fed. R. Civ. P. 55 and 29 U.S.C. §1132(g)(2), Plaintiffs have and recover judgment from and against Defendant in the total amount of $22,479.88. This amount consists of the following: $4,881.70 in unpaid contributions to the Pension Fund;

$11,696.35 in unpaid contributions to the Health and Welfare Fund; $185.14 in interest to the Pension Fund (through January 31, 2008); $467.08 in interest to the Health and Welfare Fund (also through January 31, 2008); $976.34 in liquidated damages to the Pension Fund; $2,339.27 in liquidated damages to the Health and Welfare Fund; $1,545.00 in attorneys' fees; and $389.00 in costs.

      B.     Plaintiffs are awarded post-judgment interest on the entire judgment balance at an annualized interest rate equal to 2% plus the prime interest rate established by the Chase Manhattan Bank (New York, New York) for the 15th day of the month for which interest is charged, and shall be compounded annually.

      C.     Specifically excluded from this judgment and not barred under claim preclusion are: (1) any obligation of Defendant to pay contributions (or interest thereon) to the Pension Fund for periods other than the period of October, 2006 through December, 2007, based upon the employee work history reported by Defendant for said months; (2) any obligation of Defendant to pay contributions (or interest thereon) to the Health and Welfare Fund for periods other than the period of October, 2006 through December, 2007, based upon the employee work history reported by Defendant for said months; (3) any claim for contributions (or interest thereon) for any period of time, including the above-enumerated periods of time, on behalf of employees whose work history was not reported or was inaccurately reported to Plaintiffs; (4) any obligation to pay withdrawal liability (as defined by 29 U.S.C. §1381, *et seq.*) that is due or may become due in the future to the Pension Fund; and (5) any obligation to pay additional contributions for any period of time as a result of the execution by Defendants or the acceptance by Plaintiffs of any agreement which retroactively increases contribution rates billed by Plaintiffs.

E.   The Court shall retain jurisdiction over the cause for the purpose of enforcing this Order.

ENTER:   _____
Virginia M. Kendall
United States District Judge

Dated:  January 31, 2008